## *Zimmerman Weiser & Paray LLP*

**226 St. Paul Street**
**Westfield, New Jersey 07090**
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOME DYNAMIX, LLC, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | (Newark Vicinage) |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| WELL WOVEN, INC., AMERITU | ) | |
| TRADING, INC. a/k/a INFINITY HOME | ) | |
| SOURCE, and ADEM OGUNC, | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| Defendants. | | |

Plaintiff, Home Dynamix, LLC ("Home Dynamix"), by way of its undersigned attorneys, for their Complaint against Defendant Well Woven, Inc. ("Well Woven"), Defendant Ameritu Trading, Inc. ("Ameritu"), and Defendant Adem Ogunc ("Ogunc"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is an action for copyright infringement, trademark infringement, false designation of origin and false advertising, common law trademark infringement and unfair competition in violation of the laws of the United States and the State of New Jersey.  Plaintiff seeks a permanent injunction, damages and related relief.

### PARTIES

2.      Plaintiff Home Dynamix is a limited liability company formed under the laws of New Jersey.

3.      Upon information and belief, Defendants Well Woven and Ameritu were formed under the laws of the state of New Jersey.

4.      Upon information and belief, Defendant Ogunc is the owner of Well Woven and Ameritu and resides in New Jersey.

## JURISDICTION & VENUE

5.      The Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1367.  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a) and under principles of pendent jurisdiction.

6.      Venue is proper under 15 U.S.C. §§ 1391(b) and (c), because, upon information and belief, Defendants do business in, have substantial contacts with and/or may be found in the District of New Jersey, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

## BACKGROUND AND FACTS

7.      Home Dynamix is a wholesale manufacturer and distributer of rugs that has been in business for over two decades.  It sells its products primarily to large "Big Box" retailers but also has smaller retailers as customers.  Home Dynamix uses factories outside the United States to manufacture the rugs it designs (the "Home Dynamix Designs").

8.      Plaintiff Home Dynamix owns the rights to various carpet and rug designs that have been duly registered with the U.S. Copyright Office, including by way of Registration No. VA 1-744-916 (2010).

9.      Plaintiff Home Dynamix owns the common law and statutory rights to various trademarks for the sale and distribution of carpets, rugs, and mats, including the mark HOME DYNAMIX (the "Home Dynamix Trademarks").   Some of these trademarks have been duly registered with the United States Patent and Trademark Office, including the HOME DYNAMIX mark (Registration Nos. 2,556,469 and 4,554,297).

10.     In or around July 2015, Plaintiff Home Dynamix became aware that Defendants were selling Home Dynamix Designs on various online retail sites, including Walmart.com, Wayfair.com, Houzz.com, Amazon.com, Plushrugs.com, Atgstores.com and retail websites owned or operated by Defendants, including Ruglots.com, RugsUSA.com, and Wellwoven.com.

11.     On August 3, 2015, a Cease and Desist Letter was sent to Defendant Ogunc. Despite being put on notice of infringing conduct, Defendants have continued with their infringing conduct.

12.     Defendants are, among other things, deliberately misappropriating the Home Dynamix brand in order to obtain higher search rankings on various retail websites and to assist in selling the Home Dynamix Designs on retail websites owned by Defendants, including Ruglots.com, RugsUSA.com, and Wellwoven.com.

13.     At all times relevant hereto, Defendants have been doing business in New Jersey and have manufactured, purchased, imported, distributed, advertised, offered for sale and sold goods with designs substantially similar to the Home Dynamix Designs.  Such goods were offered for sale within this judicial district with full knowledge that the goods were resold in New Jersey and within the judicial district or could reasonably be expected to be resold in New Jersey and within this judicial district.

14.     At all times relevant hereto, Defendants have been doing business in New Jersey and have manufactured, purchased, imported, distributed, advertised, offered for sale and sold goods using trademarks of Plaintiff Home Dynamix.  Such goods were offered for sale within this judicial district with full knowledge that the goods were resold in New Jersey and within the judicial district or could reasonably be expected to be resold in New Jersey and within this judicial district.

15.     Plaintiff Home Dynamix branded products have been widely advertised, offered for sale and sold throughout the United States.  As a result of its exclusive and extensive use, the

Home Dynamix brand has acquired value and recognition in the United States.  The Home Dynamix mark is known to the consuming public and trade as identifying and distinguishing Home Dynamix exclusively and uniquely as the source and origin of the products to which the mark is applied.

16.     Upon information and belief, Defendant Ogunc owns and/or controls Defendants Ameritu and Well Woven and is the alter ego of both Ameritu and Well Woven. Upon further information and belief, Defendant Ogunc has had, at all times relevant to this action, the ability to control and supervise the activities of Ameritu and Well Woven.  Upon further information and belief, Ogunc personally orchestrated the infringing activity that is the subject of this action.

17.     Defendant Ogunc through Defendants Ameritu and Well Woven, has reproduced and distributed rugs substantially similar to the Home Dynamix Designs without the authorization of Plaintiff Home Dynamix and in violation of Plaintiff's exclusive rights in the Home Dynamix Designs.

18.     The acts of Defendants in designing, manufacturing, importing, exporting, advertising, distributing, offering for sale and/or selling in interstate commerce goods by way of the Home Dynamix Trademarks:  (a) are likely to cause confusion and mistake among the consuming public that Defendants' rugs were manufactured by Plaintiff Home Dynamix, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Plaintiff Home Dynamix, (c) are likely to cause confusion and mistake among the consuming public that said goods are being offered to the consuming public with the sponsorship or approval of Plaintiff Home Dynamix, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Home Dynamix Trademarks.

19.     Defendants designed, manufactured, imported, exported, distributed, advertised, offered for sale and/or sold Defendants' rugs knowing sales were based on the Home Dynamix

Trademarks and the Home Dynamix Designs.  Defendants engaged in a deliberate effort to cause

confusion and mistake among the consuming public as to the source, affiliation and/or

sponsorship of said goods and to gain Defendants the benefit of the goodwill associated with the

Home Dynamix Trademarks.  The aforementioned acts of Defendants are also likely to dilute,

and have diluted, the distinctive quality of the Home Dynamix Trademarks.

**COUNT I**

**COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

20.     Plaintiffs repeat and reallege each of the allegations contained in paragraph 1

through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     Plaintiff is the owner of all rights under copyright to the Home Dynamix Designs.

22.     The Home Dynamix Designs are duly registered with the United States Copyright

Office (including Registration Number VA 1-744-916 (2010)), and such copyright in the Home

Dynamix Designs is valid and subsisting.

23.     Defendant Ogunc through Defendants Well Woven and Ameritu, has reproduced

and distributed rugs substantially similar to Home Dynamix Designs without the authorization of

Plaintiff Home Dynamix, in violation of Plaintiff's exclusive rights in the Home Dynamix

Designs.  A comparison of the designs in question are attached hereto as Exhibit "A"

24.     The unauthorized use by Defendants of the Home Dynamix Designs used in

Defendants' rugs was and is knowing and willful.

25.     The aforementioned conduct is in violation of the Copyright Act of 1976, as

amended (17 U.S.C. § 101 et seq.), and as a result of such copyright infringement by Defendants,

Plaintiff has suffered monetary damages and will also suffer irreparable harm should the

infringing conduct not cease.

## COUNT II

## TRADEMARK INFRINGEMENT AS TO ALL DEFENDANTS

26.     Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.     Defendants' use of the Home Dynamix Trademarks without Plaintiff's consent constitutes infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of Defendants' rugs.

28.     Such conduct on the part of Defendants has injured Plaintiff Home Dynamix in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff Home Dynamix, for which Plaintiff has no adequate remedy at law.

## COUNT III

## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTIZING AS TO ALL DEFENDANTS

29.     Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Defendants' use of the Home Dynamix Trademarks without Plaintiff's consent constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of Defendants' rugs.

31.     Such conduct on the part of Defendants has injured Plaintiff Home Dynamix in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff Home Dynamix, for which Plaintiff has no adequate remedy at law.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT
## AS TO ALL DEFENDANTS

32.     Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

33.     The aforementioned acts of Defendants constituted trademark infringement and unfair competition in violation of the common law of New Jersey.

34.     Such conduct on the part of Defendants has injured Plaintiff Home Dynamix in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff Home Dynamix, for which Plaintiff has no adequate remedy at law.

## COUNT V

## DILUTION UNDER N.J.S.A. § 56:3-13.20
## AS TO ALL DEFENDANTS

35.     Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

36.     Defendants, without authority from Plaintiff Home Dynamix, willfully use unauthorized reproductions, counterfeits, copies and colorable imitations of the Home Dynamix Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of the Home Dynamix Trademarks.

37.     The aforementioned acts of Defendants constitute trademark dilution in violation of N.J.S.A. § 56:3-13.20.

38.     Such conduct on the part of Defendants has injured Plaintiff Home Dynamix in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff Home Dynamix, for which Plaintiff has no adequate remedy at law.

## COUNT VI

## UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1
## AS TO ALL DEFENDANTS

39.     Plaintiff repeats and realleges each of the allegations contained in paragraph 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     The aforementioned acts of Defendants constitute unfair competition in violation of N.J.S.A. § 56:4-1.

41.     Such conduct on the part of Defendants has injured Plaintiff Home Dynamix in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff Home Dynamix, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Home Dynamix, LLC demands judgment as follows:

1.     An order preliminarily and permanently enjoining Defendants, their employees, agents, licensees, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of them, including any entities controlled in whole or in part by any of the Defendants or their parents in the future, from: (a) imitating, copying or making unauthorized use of the Home Dynamix Designs; (b) imitating, copying or making unauthorized use of the Home Dynamix Trademarks; (c) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy or colorable imitation of the Home Dynamix Designs; (c) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy or colorable imitation of the Home Dynamix Trademarks; (d) engaging in any other activity, including but not limited to manipulating online search rankings utilizing Home Dynamix Trademarks, constituting unfair competition with Home Dynamix or constituting an

infringement of the Home Dynamix Trademarks or of Home Dynamix's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Home Dynamix Trademarks, and the reputation and the goodwill associated therewith; (e) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Home Dynamix, or that is false or misleading with respect to Home Dynamix; and (f) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Home Dynamix Trademarks or Home Dynamix Designs, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purposes of circumventing, evading, or avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above.

2.      An order requiring Defendants to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any goods bearing the Home Dynamix Trademarks, including but not limited to, any written, typed, photocopied, computer generated or stored, or other communications or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control.

3.      An order requiring Defendants to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any goods bearing the Home Dynamix Designs, including but not limited to, any written, typed, photocopied, computer generated or stored, or other communications or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control.

4.    An order requiring Defendants to deliver for destruction all goods, schematics, artwork, prints, dies, plates, loom patterns, molds and any other means of production, in their possession, custody or control bearing resemblance to the Home Dynamix Designs.

5.    An order for Defendants to account to Plaintiff for sales of any and all rugs sold containing the Home Dynamix Designs.

6.    An order for Defendants to account to Plaintiff for sales of any and all rugs sold on webpages containing the Home Dynamix Trademarks.

7.    An order directing such relief as to the Court deems appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Plaintiff or is related to or associated in any way with Plaintiff's goods.

8.    An award to Plaintiff of monetary relief pursuant to 17 U.S.C. § 504 for Defendants' willful copyright infringement, including Plaintiff's actual damages, Defendants' profits, and/or statutory damages of $150,000 per infringing work.

9.    An award to Plaintiff of all profits realized by Defendants by virtue of their wrongful acts and directing that such profits be trebled due to Defendants's willful or willfully blind actions.

10.    An award of statutory damages in the amount of $2,000,000 per mark for each good in connection with which Defendants used the Home Dynamix Trademarks.

11.    An award of punitive damages against Defendants.

12.    An order directing Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with requirements of the foregoing order.

13.    An award of Plaintiff's costs in this civil action, including reasonable attorneys' fees and expenses, investigatory fees, and pre-judgment interest.

14.    An order providing that the Court retains jurisdiction of this action enabling Plaintiff to apply to the Court at any time for such further order, including any order interpreting, modifying or enforcing compliance with a prior order or providing for punishment for the violation of any order.

15.    An order granting to Plaintiff such other and further relief as the Court may deem just and proper.

Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff hereby demands a trial by jury on all issues.

By:  /s/ Paul E. Paray

Paul E. Paray
Zimmerman Weiser & Paray LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 935-0751
pep@zwpllp.com

Attorneys for Plaintiff Home Dynamix, LLC

Dated:  September 21, 2015

# EXHIBIT "A"

**Infinity Home Infringing Designs**

**Home Dynamix Copyrighted Designs**







**5014 Stepping Stones Cool Mist**

**4441-456 Gray/Black**





**60008 Damask Brown**

**HD1811-500 Brown**

**Infinity Home Infringing Designs**          **Home Dynamix Copyrighted Design**



54790 Molly Red



54794 Molly Navy



HD602J-530 Brown Blue



54795 Molly Gold



54790 Molly Red